UNIVERSAL FINANCE CORPORATION, PLAINTIFF-RE-SPONDENT, v. MICHAEL KUNA ET UX., ET AL., DE-FENDANTS-APPELLANTS.

Argued October 1, 1929—Decided October 14, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-respondent, *Michael G. Alenick*.

For the defendants-appellants, *Joseph Zemel*.

PER CURIAM.

This suit was brought in the First District Court of Newark. The state of demand declares on a promissory note for $500. The following is a copy of the promissory note sued on.

"*$500.00/00* *Newark, N. J., 12/18* 1928
*Three months* After Date I Promise to pay to the
Order of *Fred Walter* *Five Hundred no* Dollars
Payable at *Federal Trust Co.*
Value received.

 MICHAEL KUNA
 EVA KUNA

No. Due 3-18-29
 with 6% interest
 Endorsements
 Fred Walter, Springfield, N. J., Box 224.
 Universal Finance Corp.
 E. F. Hardy, Gen. Mgr. Treas."

(Note—Capitals indicate part of note printed while Italics indicate part of note written in.)

The case was tried by the judge without a jury resulting in a judgment for the plaintiff for $500. The defendants file four specifications of determinations with respect to which the appellants are dissatisfied in point of law. The fourth is the only one that calls for any discussion, viz.: The court erred in finding that the plaintiff was a holder of the instrument without notice of any defect therein. An examination of the promissory note with the testimony explaining the same shows that the following portions of the note were left blank, when signed by the defendants—*$500.00/00*—*Three months*—*Fred Walter*—*Five Hundred no*—*Federal Trust Co.* —*with 6% interest.*

The claim of the defendants was that they signed a receipt for $200. The trial judge found as a fact this was not so. The findings of fact by the trial court is supported by reliable evidence. With that conclusion of the trial court on the testimony in the record, we concur. The testimony of the defendants is uncertain and unreliable. The case is controlled by the Uniform Negotiable Instrument law. 3 *Comp. Stat. p.* 3736, §§ 14, 15, 16. The cases of *Autographic Register Co.* v. *Lirio,* 6 *N. J. Mis. R.* 134; *Maurer* v. *Hahn,* 6 *N. J. Adv. R.* 337; *Asbury Park Electric Supply Co.* v. *Megill,* 102 *N. J. L.* 496, are not in point. They are distinguished on the facts.

The judgment of the First District Court of Newark is therefore affirmed.